Savery v. Spaulding.

## SAVERY *v.* SPAULDING.

8　239
98　323

Where in an action of trespass, brought by an assignee under an assignment for the benefit of creditors, in which the question was, whether the assignment was fraudulent and void, a witness for the defense, answered, that he thought he could " guess very nearly the amount of goods the assignors had in their store, at the time of the assignment," and the court decided, that if the witness knew the amount, he might state it, but that he could not give an opinion upon the subject; *Held,* That even if the ruling of the court was erroneous, the testimony was in no sense so important or material, that its rejection could have prejudiced the rights of the defendant, or should call for a reversal of the judgment.

In an action of trespass, where the material question is, whether an assignment was made with the intent to hinder and delay creditors of the assignor, and is, therefore, void, a question to a witness, whether a cellar was a proper place to store goods? is immaterial and irrelevant.

The declarations of an assignor for the benefit of creditors, as to the amount of goods on hands, made after the execution of the assignment, are not admissible in evidence against the assignee.

A breach of trust, or violation of duty, by an assignee, does not affect the question of the validity of an assignment, for the benefit of creditors; and evidence of such breach of trust, or violation of duty, is not admissible to show that the assignment is fraudulent and void.

Where in an action of trespass, in which the plaintiff claimed the property under an assignment for the benefit of creditors, and the question was, whether the assignment was fraudulent and void, the defendant called the clerk of the court, and asked him a question as follows : " State whether the plaintiff, as assignee of C. & B., has reported to the district court of P. county, the situation and amount of the estate of the said C. & B., either in writing or otherwise, and whether any such written statement was on file in his office ?" which question being objected to, was excluded by the court; *Held,* That the question was properly excluded.

Where a party, under the belief that he is insolvent, though he may not be so in fact, makes an assignment, in good faith, for the benefit of all of his creditors, the assignment is not void, for the reason that he was not insolvent.

Where a party at the time of making an assignment for the benefit of creditors, is unable to pay his debts according to the usage of trade, or unable to proceed in his business, without some general arrangement with his creditors, or some indulgence by way of the extension of the time of payment, he is insolvent in the contemplation of law, and may make a valid assignment.

The fact that some of the agents and servants of the assignee, after the

assignment, sold some of the property assigned on credit, will not vitiate an assignment.

The fact that the grantor in an assignment for the benefit of creditors, was engaged in the store in the capacity of clerk only, after the execution of the assignment, is not, of itself, evidence of fraud in making the assignment.

*Appeal from the Polk District Court.*

MONDAY, APRIL 11.

THIS is an action of trespass, for taking and carrying away certain goods, wares and merchandize, which the plaintiff claimed as assignee of Chandler & Bell, under an assignment for the benefit of their creditors. Spaulding justified the taking of the goods, as sheriff of Polk county, under and by virtue of an attachment against Chandler & Bell, and averred that the said assignment was made with the intent to hinder and delay the creditors of the said Chandler & Bell, and that the same was fraudulent, upon which issue was joined.

During the progress of the trial, the defendants introduced as a witness, one Harry Stephenson, who testified that he " thought he could guess the amount of goods Chandler & Bell had in their store at the time of the assignment." The defendants then asked the witness to state the amount of the goods, which question was objected to by the plaintiff, and the objection sustained, the court holding, that if the witness knew the amount, he might state it, but that he could not give an opinion upon that subject. The same witness further testified, that certain goods sold by him for the plaintiff, as assignee for Chandler & Bell, had been stored by the plaintiff in a cellar, and thus damaged. The defendants then asked the witness—" whether a cellar is a proper place to store goods, such as he had been testifying about ? which question was objected to, and the objection sustained.

The defendants also called Wm. T. Smith as a witness,

and asked him the following question : Whether at, or immediately before, or after the assignment of Chandler & Bell, he had any conversation with either Chandler or Bell, in regard to the amount of goods by them assigned to Savery ; and if so, to state that conversation ? This question being objected to, the objection was sustained, the court holding that the declarations of Chandler & Bell, made immediately preceding the assignment, were competent to prove the amount of goods on hand ; but that their declarations upon that subject immediately after the assignment, should be excluded.

The defendants then called the clerk of the court, and asked him to state to the jury, whether the plaintiff, as assignee of Chandler & Bell, had reported to the district court of Polk county, the situation and amount of the said estate of Chandler & Bell, either in writing or otherwise ; and whether any such written statement was on file in his office ? This question was also objected to, and the objection sustained. To A. Newton, a witness, the defendants put this question : what was the credit of Chandler & Bell in New York, at or near the assignment, which being objected to by the plaintiff, was held to be improper by the court.

Among other instructions, the court gave the following to the jury :

1. That if Chandler & Bell, when they made the assignment, thought they were insolvent, although, in fact, they were not, the assignment, if made in good faith, was sufficient.

2. That if Chandler & Bell were unable, at the time of the assignment, to pay their debts according to the usage of trade, or were unable to proceed in their business, without some general arrangement with their creditors, or some indulgence in point of time, by way of extension, then they were insolvent; and under our law, could make a valid assignment.

3. That the fact that some of the agents and servants of

the plaintiff, after the assignment, sold some of the goods assigned on credit, does not vitiate the assignment.

4. That the fact that Chandler, one of the grantors in the assignment, was engaged in the store-house, in the capacity of clerk, after the assignment, is not, of itself, evidence of fraud in making the assignment.

The jury returned a verdict for the plaintiff, on which judgment was rendered, and the defendant appeals.

*Finch & Crocker*, for the appellant.

1. The court erred in excluding the testimony of Harry Stephenson. He shows himself to have been possessed of a sufficient knowledge, to warrant the reception of his opinion as to the amount, (value) of the goods on hand in the store of Chandler & Bell, at the time of their assignment. No rule of law requires that the witness should speak with such expressions of certainty, as to exclude all doubt in his mind. 1 Greenf. on Ev., 593, and "though the opinion of witnesses are in general not evidence, yet on certain subjects, some classes of witnesses may deliver their opinion, and on certain other subjects, any competent witness may express his opinion or belief." 1 Greenf., 594. It was important in determining the question of fraud, to ascertain the value of the goods on hand, when the assignment was made, and the exclusion of Stephenson's and the like testimony, and requiring that the witness should speak from actual knowledge, would, as a general thing, render it impossible for defendant to prove the amount or value of the property in the store at the time of the assignment.

2. The court erred in excluding the testimony of Stephenson, as to the manner in which the assignee kept the goods after the assignment; also, the court erred in excluding the testimony of Hoxie, clerk of the district court. Their testimony was admissible as tending to show the fidelity with which the assignee discharged the trust. It was the duty of the assignee to convert the goods into cash, with-

out delay, and the manner in which he discharged the trust, should be considered by the jury in determining the question of fraud. *Wilson et al.* v. *Ferguson & Lamont*, 10 Howard's Practice Reports, 178 ; *Hart et al.* v. *Cram et al.*, 7 Paige, 37.

3. The court erred in excluding the testimony of Smith, as to declarations of Chandler & Bell, at the time of, and after the assignment. In all cases, the declaration of a person under whom a party derives title, made before, or at the time of the sale, are admissible to show fraud in the sale ; and in cases of assignment, the declarations of the assignor, made after the assignment, are admissible to prove fraud. *Lathenwhite* v. *Hicks*, Busbee Law, (N. C.), 105 ; 10 How., 178; *Caldwell* v. *Williams*, 1 Ind., 405.

4. The testimony of Newton should have been admitted, to show that the credit of Chandler & Bell, in New York, was such, that they could have proceeded in business without making an assignment.

5. The court erred in giving the jury the instructions asked by the plaintiff, marked 1 and 4, for if the assignor has ample property to pay his debts, then it is a fraud upon his creditors to assign his property for that purpose. The creditors are entitled to payments in cash, when their debts become due, and if the assignors had ample means to pay their debts in cash, as they became due, there was no reason for making a general assignment; and an assignment under such circumstances, is a fraud. Willard's Eq., 248.

6. That the continuance of the possession of the assignor, and various acts of ownership by him, subsequently asserted, afford evidence to a jury from which fraud may be inferred. See Willard's Eq., 468 ; *Gardner* v. *Adams*, 12 Wend., 297 ; *Jackson* v. *Zimmerman*, 12 Ib., 299 ; *Bissell* v. *Hopkins*, 3 Cow., 166 ; 10 How. Prac. Reports, 178 ; *Caldwell* v. *Williams et al.*, 1 Ind., 405.

7. That the assignee is bound to sell the property, either at public or private sale, without delay, and pay over the proceeds to the creditors ; and that he cannot delay the

creditors until the property can be sold at the highest retail prices. See 10 How. Prac. Rep., 178; *Hart et al.* v. *Cram et al.*, 7 Paige, 37.

*J. M. Ellwood*, for the appellee.

1.   In certain cases, as of experts, and in cases where a witness is supposed to have some superior knowledge, a witness is permitted to give his opinion. But it is well settled, that in such cases the witness must first show himself qualified to speak on the subject, and he must show that he has such knowledge as will enable him to speak with some degree of accuracy. The opinion must be called for in respect to some matter of skill or science. *Lawrence* v. *Caryl*, 4 Denio, 370; *Norman* v. *Wells*, 17 Wend., 136; *Paige* v. *Hazard & Kelley*, 5 Hill, 603; *Morehouse* v. *Matthews*, 2 Comstock, 514; *Merritt* v. *Seamore,* 2 Selden, 168; *Gibson* v. *Williams*, 4 Wend., 320; *Jeff. Ins. Co.* v. *Cotheal*, 7 Wend., 72. Now, it seems to me clear, that the amount of goods in the store, at the time of the assignment, was a question of fact, susceptible of positive and exact proof, and in respect to which, the opinion of the witness was not allowable; and, it will be observed, that the ruling of the court expressly permitted the witness to state the amount of the goods, if he knew it, but that he could not give his opinion.

2.   The defendants allege error upon the refusal of the court to allow them to put another question to the witness, Stephenson. It was the duty of the court to exclude all evidence which was not pertinent or relevant to the issues in the case. The question to which this evidence was directed, was to the validity of the assignment. The answer alleged that the assignment was fraudulent. This was denied by the replication. This presented to the jury the direct issue, whether or not the assignment was fraudulent. And the conduct, or misconduct of the assignee, after the assignment, in relation to the mode and manner of taking care of the goods, was not competent evidence to invalidate

or vitiate the assignment, on the ground of fraud. No subsequent illegal acts or intentions, can invalidate an assignment valid in its inception. *Browning* v. *Hart*, 6 Barb., 91.

3. The second error assigned is, "that the court erred in excluding the testimony of H. M. Hoxie, clerk of the district court of Polk county." The court properly sustained the objection to this question. The evidence offered or called for by the question, was not relevant or pertinent to the issue made by the pleadings. It was offered to show that the assignee, since the assignment, had failed, and neglected to comply with the requirements of the act of the legislature, passed January 29, 1857. Session Laws of 1857, chap. 254, 430. This assignment was executed and delivered before that act took effect. The thirteenth section of that act relates to assignments made prior to its becoming a law. This section makes it the duty of assignees who had already accepted their trusts, " to report to the district court of the county where such assignee resides, the situation and amount of such trust estates, &c." The act further provides that in case of the failure of the assignee to file, or make such a report, any person interested, may obtain a citation to issue to such assignee, requiring him to show cause why such report should not be filed, and on such hearing, the court may order the report to be filed, and " may make all such orders in the matter as may be proper and necessary to insure a faithful performance of the trusts, and a speedy close of the same."

The failure of the referee to make such a report under this act, could not vitiate an assignment valid in its inception. This view is sustained by the act itself. The fact that the assignee had omitted to make the report, could in no way effect the validity of the assignment. Proof of the fact that he had not, would have in no way tended to establish fraud in the assignment, and was, therefore, properly excluded.

4. The third error assigned is, that the court erred in excluding the testimony of W. T. Smith. We submit, that in this ruling, there was no error against the defendants. The question called for the declarations of Chandler & Bell, who were not parties to the suit; and while we believe that the ruling of the court was incorrect which permitted the declarations of Chandler & Bell, made before the assignment, to be given, we most strenuously insist that there was no error in excluding their declarations, in regard to the amount of property assigned to the plaintiff, made after the assignment.

Chandler & Bell sustained to Savery the relation of vendors of personal property. They were, in law, vendors, and Savery a vendee. The fact that Savery was only the assignee, and received the property in trust for creditors, did not change the relation of vendor and vendee between them. This question, then, called for the declarations of the vendors, to impeach the title of the vendee. Such declarations were incompetent evidence. *Hackett* v. *Martin*, 8 Greenleaf, 77; *Parker* v. *Grout*, 11 Mass, 157; *Jones* v. *Hunter*, 13 Mass., 304; *Dunn* v. *Snell*, 15 Mass., 481: *Frear* v. *Evertson*, 20 Johns., 142; *Hurd* v. *West*, 7 Cow., 752; *Sprague* v. *Kneeland*, 12 Wend., 161; *Bristol* v. *Dann*, 12 Wend., 142; *Kent* v. *Frank. Bank*, 7 Wend., 256. And the same rule extends to assignments in trust for creditors. *House* v. *Coryton*, 4 Taunt., 560; *Robson* v. *Kemp*, 4 Esp., 234; *Taylor* v. *Kinlock*, 1 Stark., 175; 2 Stark., 549; *Phenix* v. *Dey et al.*, 5 Johns., 411; *Hanna* v. *Curtiss*, 1 Barb. Chan., 263.

Chandler & Bell were competent witnesses, and should have been called. The declarations of competent witnesses, or of persons who may be called as such, cannot be given in evidence. See cases above cited; and, also, in point, *Ogden* v. *Peters et al.*, 15 Barb., 560.

There is a class of cases, holding that where a combination of several persons, for an illegal object, is clearly established, then the declarations of all the parties are ad-

missible. But the combination for the purpose of fraud or other illegal objects, must first be established by other evidence. *Waterbury* v. *Sturtevant*, 18 Wend., 353. In this case, they sought to establish the fraud by the declarations of parties who were competent witnesses, and before any fraud had been shown. Their declarations certainly were not competent to establish the fraud.

The appellant, to sustain this error, cites the case of *Wilson* v. *Lamont*, 10 Howard's Practice Reports. This case was decided by a single judge at chambers, and if in conflict with the repeated decisions of the supreme court and court of appeals of that state, is entitled to but little consideration. A close examination of this case, will show that it furnishes no authority to sustain the positions of appellant. The case does not decide that the declarations of the assignor are competent to invalidate the assigment; but that facts arising subsequent and prior to the assignment, may be evidence of fraud. The question as to whether the declarations were competent or not, does not appear to have been raised or decided in that case. Indeed, the declarations of the assignor seem to have been given in evidence, on the trial, without objection, and having been received by the parties as part of the evidence, the judge, in this case, only decided upon their effects.

The appellant also cites the case of *Williams* v. *Caldwell*, 1 Indiana, to the same point. This case decides only the point decided by 18 Wend., 353, above cited—that after the fraud had been established by other evidence, to the satisfaction of the court, then the declarations of the assignor were competent to be given in evidence. They are not competent until that fact has been established. Error must appear affirmatively, and this court will not presume, in order to render this evidence competent, that the illegal combination had been established when this evidence was offered.

Again. Suppose this assignment was fraudulent on the part of Chandler & Bell, in point of fact, yet it could not

be avoided by creditors, unless the grantee (Savery), participated in the fraud, and was a party to it. *Harrison* v. *Phillips Academy*, 12 Mass., 456; *Budge* v. *Eggleston*, 14 Mass., 245, 250; *Foster* v. *Hall*, 12 Pick., 89. And, it seems clear, that the declarations of Chandler & Bell, after the assignment, were in no respect competent evidence, to show fraud on the part of Savery. Their declarations were not facts; and there was no offer to connect these declarations with Savery, so as to show any fraud on his part. Had they been parties, their declarations would have been evidence to show fraud as against them, but their declarations should not have been received to establish fraud against the assignee.

The fourth error assigned is, " that the court erred in excluding the testimony of A. Newton."

This evidence had no relevancy to the issue between the parties. It tended to prove no fact, asserted by the one party and denied by the other. It neither directly or indirectly sustained any allegation contained in the pleadings. If it was irrelevant, it was properly excluded.

The next assignment of error is, that the court erred in giving to the jury four instructions asked by the plaintiff. The first instruction is, " that if Chandler & Bell, when they made the assignment, thought they were insolvent, although in fact they were not, the assignment, if made in goood faith, is sufficient." To show that this instruction was correct, we cite the following authority : Willard's Eq. Jur., 247; *Ogden* v. *Peters et al*, 15 Barb., 560; *Rokenburgh* v. *Hubbell*, 5 Law Reporter (N. S.), 95.

The second instruction complained of under the assignment of error is, " that the fact that some of the agents and servants of the plaintiff, after the assignment, sold some of the goods on credit, does not vitiate the assignment." In the giving of this instruction there was no error. It is true, there is a class of cases which hold, and doubtless correctly, that where the assignment, on its face, provides for a sale on credit, the assignment is void. *Nicholson* v. *Lea-*

Savery v. Spaulding.

*vitt*, 2 Seld., 510.   And the decision rests on the ground that the instrument, on its face, shows that it is fraudulent, being, in its terms, designed to hinder and defraud creditors; and that the assignment itself, on its face, furnishes evidence of this intent to defraud.

The third instruction complained of under the fifth assignment is, " That if the jury find that Chandler was in the store, only in the capacity of a clerk, receiving pay for his services, after the assignment, that it, of itself, is no evidence of fraud."   This instruction was correct.   After the assignment, one of the assignors was employed by the assignee, as clerk, for a few days; and we submit, that if the jury found that he was acting merely as a clerk of the assignee, under pay as such, that fact was not, and could not, in any way, be evidence of fraud.   The assignee was authorized to employ him as clerk, if in his judgment, the interests of the creditors would be thereby promoted.   Had there been a question as to whether he was there as clerk, or as assignor in possession, and had the court instructed that his being in possession would be no evidence of fraud, this might have been error.   But this instruction contemplates him in the store merely as clerk.

The fourth instruction complained of under the assignment of errors is, " that if Chandler & Bell were unable, at the time of the assignment, to pay their debts according to the usage of trade, or were unable to proceed in their business, without some general arrangement with their creditors, or some indulgence in point of time by way of extension, then they were insolvent, and under our law could make a valid assignment.   This instruction was correct. To support it, we only cite the following authorities: *Herrick* v. *Borst & Warnick*, 4 Hill, 650; *Ogden* v. *Peters et al.*, 15 Barb., 560.   These cases are directly in point, and settle the point, that there was no error in the instruction.

STOCKTON, J.–1. The witness, Stephenson, answered, that he could "guess very nearly the amount of goods Chand-

ler & Bell had in their store room, at the time of the assignment," and the district court decided, that if the witness knew the amount, he might state it; but that he could not give any opinion upon the subject. Even if the ruling of the district court was erroneous, which we do not decide, the testimony was in no sense so important or material, that its rejection could have prejudiced the rights of the defendant, or should now call for a reversal of the judgment.

2. So, we think, the question asked the same witness, " whether a cellar was a proper place to store goods," was properly ruled out, as immaterial and irrelevant to the issue.

3. The district court, we think, properly ruled that the declarations of Chandler & Bell as to the amount of goods on hand, made after the execution of the assignment, could not be received in evidence.

4. It was immaterial and irrelevant to the issue, whether the plaintiff, as assignee of Chandler & Bell, had or had not reported to the district court, the amount and condition of the assets in his hands; and the testimony of Hoxie on that subject, was properly excluded. A breach of trust, or violation of duty by the assignee, does not affect the question of the validity of the assignment.

5. The question as to the credit of Chandler & Bell in New York, at the time the assignment was made, was irrelevant to the issue, and the question asked the witness, Newton, on that subject, was properly ruled out.

6. The instructions of the court to the jury, were to the effect that if Chandler & Bell, at the time of the assignment, thought they were insolvent, although in fact they may not have been so, the assignment, if it was made in good faith, is sufficient; and if at the time they were unable to pay their debts according to the usage of trade, or were unable to proceed in their business, without some general arrangement with their creditors, or some indulgence, by way of extension of time of payment, then they were insolvent, and could rightfully make an assignment for the

benefit of creditors. The court further directed the jury, that the fact that some of the goods assigned were sold on credit, by the agents and servants of the plaintiff, after the assignment, was not sufficient to vitiate the same. And that the fact that Chandler, one of the grantors in the deed of assignment, was engaged in the store-house, in the capacity of clerk, was not, of itself, evidence of fraud in making the assignment.

The charge of the court in which these instructions are embodied, was excepted to by the defendant. We think, however, that the court has not erred in its charge, and that the instructions, as given, were unexceptionable.

Judgment affirmed.